# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant DUANE R. JAMES**
**United States Army, Appellant**

ARMY 20140872

Headquarters, 8th Army
Mark A. Bridges, Military Judge
Lieutenant Colonel Scott D. Walters, Acting Staff Judge Advocate (pretrial)
Colonel Craig A. Meredith, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Joshua G. Grubaugh, JA (on brief); Captain Heather L. Tregle, JA; Captain Joshua G. Grubaugh, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Daniel D. Derner, JA; Captain Christopher A. Clausen, JA (on brief).

29 July 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A panel with enlisted representation, sitting as a general court-martial, convicted appellant, contrary to his pleas, of a specification of adultery in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2012) [hereinafter UCMJ][1]. The court sentenced appellant to a bad-conduct discharge. The convening authority approved the sentence as adjudged.

---

[1] Consistent with his pleas, appellant was found not guilty of rape and sexual assault in violation of Article 120, 10 U.S.C. § 920 (2012).

Appellant's case is before this court for review under Article 66, UCMJ. Appellant counsel raises six errors, one of which merits discussion and relief.[2] After review of the entire record, we are not convinced beyond a reasonable doubt as to the factual sufficiency of the evidence for the adultery charge. We are not convinced beyond a reasonable doubt that appellant was married on or about 14 December 2013.

## LAW AND ANALYSIS

In accordance with Article 66(c), UCMJ, we review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Humphreys*, 57 M.J. 83, 94 (C.A.A.F. 2002). In resolving questions of legal sufficiency, we are "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325.

The Specification of Charge II alleged that on or about 14 December 2013, appellant, a married man, wrongfully had sexual intercourse with Specialist (SPC) JM, a woman not his wife, and that said conduct was to the prejudice of good order and discipline in the armed forces. Specialist JM testified that she and appellant had sexual intercourse on several occasions to include 14 December 2013. Appellant is only charged with the sexual intercourse on or about 14 December 2013. The only evidence elicited on findings in reference to appellant's marital status is the following:

TC: Were you aware or did you know that the accused was married?

SPC JM: No, sir.

TC: Did you ever find out he was?

---

[2] By addressing this issue, the remaining issues are moot. We have also reviewed those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and they are moot as a result of the relief granted.

SPC JM: I did when I was at the Urgent Care Clinic.[3]

No further information is provided as to when the appellant was married or whether or not appellant was married on 14 December 2013. Sentencing evidence reflected that appellant was married in August 2011. Though evidence presented during findings may be considered for sentencing, the reverse does not apply. *See generally United States v. Frey*, 73 M.J. 245 (C.A.A.F. 2013) and *United States v. Beatty*, 64 M.J. 456 (C.A.A.F. 2007).

## CONCLUSION

Having completed our review and in consideration of the entire record, the findings of guilty and the sentence are set aside. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision are ordered restored. See UCMJ arts. 58a(b) 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[3] The evidence shows that SPC JDM went to the Urgent Care Clinic on 15 December 2013.